UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ARNE JACKSON,

Petitioner,

v.

MARKWAYNE MULLIN; JEREMY CASEY; GREGORY J. ARCHAMBEAULT; TODD LYONS; TODD BLANCHE; IMMIGRATION AND CUSTOMS ENFORCEMENT; and DEPARTMENT OF HOMELAND SECURITY,

Respondents.

Case No.: 3:26-cv-6193-JES-AHG

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Arne Jackson's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a return to the petition. ECF No. 4.

Petitioner is a native of Haiti who came to the United States on February 16, 2024. ECF No. 1 ¶ 3. He was paroled into the United States at that time on a form of humanitarian parole, noted by his class of admission as "HHP." *Id.*; ECF No. 1-5. From that date onward, Petitioner alleges that he complied with the requirements of his immigration proceedings, subsequently applied for asylum, and was granted work authorization. ECF No. 1 ¶ 3; ECF

Nos. 1-3, 1-4. On June 30, 2026, Petitioner was detained while he was the passenger in a car. *Id.* Petitioner alleges that he was never given a warrant at the time of the arrest, or provided with any notice or opportunity to be heard before his detention. ECF No. 1 ¶ 4. He is currently detained at Imperial Regional Detention Center. *Id.* ¶ 1.

In their return, Respondents acknowledge that Petitioner had previously been released on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5). ECF No. 4 at 2. Respondents further state that they do not oppose the petition and "defer to the Court as to the appropriate relief." *Id.* at 3.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that he was previously released by the government in February 2024. Many courts, including this one, have repeatedly held that a prior grant of release, including humanitarian parole, raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Mohammadi v. Larose*, No. 3:25-CV-3450-JES-BJW, 2025 WL 3731737, at *3 (S.D. Cal. Dec. 26, 2025); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its prior reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained.

//

//

//

//

//

//

//

//

The Parties are **ORDERED** to file a Joint Status Report by **November 12, 2026**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: November 6, 2026



Honorable James E. Simmons Jr.
United States District Judge